# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2633 | **DATE** | 8/2/2012 |
| **CASE TITLE** | Anthony Jackson (M-06206) vs. City of Aurora, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* application [8] is granted. The complaint, however, is dismissed with prejudice as untimely. The dismissal shall not count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Anthony Jackson, an inmate incarcerated at Hill Correctional Center, filed this 42 U.S.C. § 1983 civil rights action against Kane County, the City of Aurora, its police department, and three Aurora police officers. Plaintiff claims that on March 10, 2010, the three officers, after receiving a report of gunshots, unjustifiably stopped Plaintiff, arrested him, and, after cuffing him, beat him about his head and face and threw him against the police car, causing him to lose a tooth. Because the complaint was received on April 10, 2012, a month after two years from the date of the incident, and because Plaintiff's *in forma pauperis* ("IFP") application was incomplete, the Court instructed Plaintiff to submit both a completed IFP application and a pleading demonstrating that his complaint was timely to proceed with this case. Plaintiff has submitted both pleadings, and it is now clear that this case must be dismissed as untimely.

In actions filed pursuant to 42 U.S.C. § 1983, courts look to the statute of limitations for personal injury in the state where the injury occurred. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001). In Illinois, personal injury actions are subject to a two-year statute of limitations. 725 ILCS 5/13-202. The limitations period began at the time of Plaintiff's arrest. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). Barring any interruption of the limitations period, Plaintiff had to file his § 1983 action by March 12, 2012 (March 10, 2012, fell on a Saturday). The only explanation offered by Plaintiff for this Court's receipt of his complaint on April 10, 2012, is that he submitted the complaint to prison officials for filing on March 6, 2012, but that the mail at Logan Correctional Center is very slow. (Dkt. Entry #10, Plaintiff's Declaration.) Plaintiff's declaration actually does not say even this much; Plaintiff states that he was at Logan on March 6 and "while at Logan," he put the complaint in the mail. Read literally, this statement does not establish that the Plaintiff mailed the complaint on March 6 (that is plainly not the only day he was at Logan, which is the facility to which he has been assigned since at least that time, but fairly construed, that is what the Court understands Plaintiff to represent).

Although the date a pleading is given to prison officials for mailing is generally considered to be the date the pleading is filed in this Court, *see Simmonds v. Ghent*, 970 F.2d 392, 393 (7th Cir. 1992), in this case, Plaintiff's representation is plainly incorrect. Plaintiff's original IFP application, which was included with his complaint, was dated April 4, 2012, which coincides with the post-marked date of April 5, 2012, on the envelope containing his initial pleadings. (*See* Dkt. Entry #1 and Dkt. Entry #3 p.2.) Plainly, Plaintiff's complaint was

not mailed on March 6, but on April 4 or 5, 2010. The complaint is thus four weeks late and must be dismissed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (when the affirmative defense of time-bar is clear from the face of a plaintiff's pleadings, the case may be dismissed without requiring a response). Although Plaintiff's representation as to the date of the mailing is incorrect, the Court cannot and does not conclude, on this record, that the representation was knowingly false.

Although Plaintiff cannot proceed with his complaint, he must still pay the filing fee for having brought this action. His IFP application indicates that he cannot prepay the $350 filing fee. The Court thus grants his IFP motion and assesses an initial partial filing fee of $54.00. The trust fund account officer at Plaintiff's current place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's account and pay it to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Hill officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

Accordingly, for the reasons stated above, the Court grants Plaintiff's motion to file his complaint IFP, but dismisses the complaint as untimely. The dismissal shall not count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

If Plaintiff seeks to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed IFP on appeal, he must submit another IFP motion, which should set forth the issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate a strike under § 1915(g).